[No. 17799. Department Two. May 25, 1923.]

## KIMBLE MOTOR CAR COMPANY, *Appellant,* v. GUST ANDROW, *Respondent.*[1]

SALES (182)—CONDITIONAL SALES—REMEDIES OF VENDOR—ELECTION—WAIVER OF RIGHT TO RETAKE PROPERTY. The filing by a conditional sales vendor of a claim against the estate of the deceased vendee, whereby the claim is established and directed to be paid in the course of administration, constitutes an election to seek relief in court, and waives the right to reclaim the property, and it is immaterial that the claim expressly states that the right to retake the property is not waived.

Appeal from a judgment of the superior court for Walla Walla county, Mills, J., entered September 9, 1921, upon findings in favor of the defendant, in an action in replevin, tried to the court. Affirmed.

*Earl W. Benson,* for appellant.

*J. W. Brooks,* for respondent.

PARKER, J.—By this action commenced in the superior court for Walla Walla county, the plaintiff motor car company seeks recovery from the defendant, Androw, both individually and as administrator of the

[1] Reported in 215 Pac. 340.

8—125 WASH.

estate of his deceased wife, of an automobile placed in the possession of his deceased wife and now held by him, as administrator of her estate, under a conditional sale contract in which the plaintiff is named as vendor and the deceased wife as vendee. A trial in the superior court, sitting without a jury, resulted in findings and judgment denying plaintiff any relief, from which it has appealed to this court.

The controlling facts, as, we view them, are not questioned and may be summarized as follows: On October 7, 1920, the deceased entered into a contract with appellant in which there was embodied a promissory note in usual form whereby she promised to pay to appellant the sum of $750 at a future date, as the balance due upon a conditional sale contract for the sale of the automobile in question to the deceased. The contract contains the usual provisions of a conditional sale contract, giving to appellant the right to reclaim the property upon failure of payment of the balance of the purchase price as evidenced by the promissory note embodied therein. It also contains provisions in the nature of chattel mortgage provisions, which, however, we need not here notice, since the contract was neither executed nor recorded as a chattel mortgage, and it is now claimed by appellant to be a conditional sale contract. On January 3, 1921, Rose Della Androw died. Soon thereafter respondent, her husband, was duly appointed administrator of her estate. Default being made in the payment of the balance due upon the purchase price of the automobile, as provided by the conditional sale contract, appellant demanded possession thereof from respondent, who had possession of the automobile as administrator; which demand was refused by him. Soon thereafter appellant presented to respondent, as administrator, its duly verified claim

for $750, which, in so far as we need here notice its language, reads as follows:

"The undersigned, Creditor of the above entitled estate, present its claim, with the necessary vouchers for approval, to-wit:
Estate of Rose Della Androw, Deceased,
               To Kimble Motor Car Co. of Ore. Dr.
"One note (part of a conditional sale contract, a copy of said note and copy of the conditional sale contract is attached and made a part of said note) but the Kimble Motor Car Company of Oregon does not waive any of the conditions set forth in said conditional sale, and still intends to reserve title to said automobile described in said contract, in it until fully paid for as per contract . . . $750.00 and Int."

This claim was duly allowed, approved and filed in the superior court "in the matter of the estate of Rose Della Androw, deceased;" and thereby became "ranked among the acknowledged debts of the estate to be paid in the course of administration," as provided by § 1480, Rem. Comp. Stat. [P. C. § 9831], relating to the allowance of claims in the probating of estates of deceased persons. Thereafter this action was commenced by appellant, seeking recovery of possession of the automobile because of default in the payment of the balance due upon the purchase price thereof, and resulted in the judgment and the appeal therefrom, as above noticed.

We are assuming, for the sake of argument, that the conditional sale contract was duly signed by appellant, though there is room to argue to the contrary; a question, however, which we need not notice in view of our conclusions upon another question presented. The trial judge, as evidenced by his findings and conclusions, awarded judgment in favor of respondent upon the ground that the contract was in law a conditional sale contract, and that appellant had waived its right to

reclaim the automobile by presenting its claim and obtaining allowance thereof as a debt obligation owing it from the estate of deceased. Now we have held that the commencement of a legal proceeding by a vendor looking to an adjudication of a balance due upon a conditional sale contract as a debt obligation from the vendee to the vendor constitutes a waiver on the part of the vendor to reclaim the property as his own; this because by such act the vendor necessarily admits the consummation of the sale, for otherwise he would not have any right to enforce payment of the purchase price. We have also held that an election to reclaim the property is equally a waiver of the right to claim any unpaid balance on the purchase price. *Ramey v. Smith,* 56 Wash. 604, 106 Pac. 160; *Winton Motor Carriage Co. v. Broadway Automobile Co.,* 65 Wash. 650, 118 Pac. 817, 37 L. R. A. (N. S.) 71; *Stewart & Holmes Drug Co. v. Reed,* 74 Wash. 401, 133 Pac. 577; *Eilers Music House v. Douglass,* 90 Wash. 683, 156 Pac. 937, L. R. A. 1916E 613; *Norman v. Meeker,* 91 Wash. 534, 158 Pac. 78, Ann. Cas. 1917D 462; *Barbour v. Hodge,* 99 Wash. 578, 170 Pac. 115; *Jordan v. Peek,* 103 Wash. 94, 173 Pac. 726.

When appellant filed his claim seeking its allowance as a debt obligation of the estate, we think that he thereby commenced a proceeding in court seeking such relief; that is, he thereby sought and obtained what seems to us to be in legal effect a money judgment against the estate. It is true that, had the claim been rejected, it would have been required to, in form, commence a civil action against the respondent as administrator before it would have obtained such a judgment; but that was not necessary because of the allowance of the claim, which, as provided by § 1480, Rem. Comp. Stat. [P. C. § 9831], caused it to be ". . . ranked

among the acknowledged debts of the estate to be paid in the course of administration.'' We do not lose sight of the attempted reservation of title to the automobile made in the recitals of appellant's claim above quoted. Such recitals did not in any sense constitute a legal proceeding seeking recovery of the property; and we think must be now considered of no effect as against the election to seek payment of the purchase price as a debt owing to appellant by the estate. This, let us remember, is not a question of waiving a lien right by the presenting of a claim against an estate of a deceased person; for the reserving of title in the vendor is not the reserving of a mere lien to secure the balance of the purchase price, as has been rendered plain by our decisions above cited. We are of the opinion that, having elected to pursue this course, appellant is precluded from exercising its right of reclaiming the property as its own.

The judgment is affirmed.

MAIN, C. J., FULLERTON, TOLMAN, and PEMBERTON, JJ., concur.