[No. 24541. Department One. July 7, 1933.]

ROBERT MORTON ORGAN Co., *Appellant*, v. EVA L. ARMOUR *et al., Respondents.*[1]

[1]Reported in 23 P. (2d) 887.

*F. L. Morgan,* for appellant.

*O. M. Nelson* and *W. H. Abel,* for respondents.

MILLARD, J.—This action was brought by the vendor against the successors in interest of the vendee to recover possession of an organ sold by the plaintiff vendor to the "Montesano Theatre Corp." a copartnership, under a conditional sale agreement. Defendants insisted in the trial court, as they contend in this court, that the plaintiff's presentation of its claim against the estate of the deceased vendee (G. W. Armour) "was an election to hold the estate and waive all interest in the property, in which event the title to the property became absolute in the vendee," and the subsequent purchaser bought the property free and clear of any claim by the plaintiff. Defendants also urged below, as they argue on appeal, that the contract under which the organ was purchased from the plaintiff was a chattel mortgage, and, as it was not acknowledged and was not accompanied by the mortgagor's affidavit of good faith, it was ineffective "as a valid mortgage against subsequent purchasers."

The cause was tried to the court, which was of the view (no findings of fact were made) that plaintiff's

election, following rejection of plaintiff's claim against the estate of G. W. Armour, deceased, to bring an action against the estate to recover the unpaid balance of the purchase price of the organ, constituted an abandonment of plaintiff's claim of title to the organ. The action was dismissed as to defendants George D. Srigley et ux., M & E Theatres, Inc., Eva L. Armour, individually, and Eva L. Armour as executrix of the estate of Glen W. Armour, deceased. W. P. Armour was dead at the time of the trial, and there was no substitution of party as to him. Joseph L. Kycek made no appearance, and an order of default was entered against him. The plaintiff has appealed from the judgment of dismissal.

The facts are as follows: Glen W. Armour, W. P. Armour (son of Glen W. Armour and Eva L. Armour) and Joseph L. Kycek were copartners. Under the designation "Montesano Theatre Corp." they operated a motion picture theatre at Montesano, Washington. On June 29, 1926, the "Montesano Theatre Corp." purchased a special unit orchestral organ on conditional sale contract from the Robert Morton Organ Co., a California corporation. There is no recital in the contract that the purchaser was or was not a corporation or a copartnership. Glen W. Armour signed in a representative capacity, while W. P. Armour and Joseph L. Kycek signed as individuals. The contract recited:

"Agreement made this 29th day of June, 1926, by and between Robert Morton Organ Co., a California corporation, with its office at 168 Golden Gate Avenue, San Francisco, California, being the first party, hereinafter called the 'seller,' and Montesano Theatre Corp., of Montesano, County of Grays Harbor, State of Washington, the second party, hereinafter called the 'purchaser'."

The "purchaser" signed the contract as follows:
"By Glen W. Armour
    "For Montesano Theatre Corp.
       "W. P. Armour
       "Jos. L. Kycek."

Of the purchase price of sixty-five hundred dollars, the purchasers paid five hundred dollars upon execution of the contract and agreed to pay the balance in monthly installments over a period of three years. The parties stipulated that the contract "is deemed to be executed under and to be governed by the laws of California." That stipulation is unimportant, in view of our acceptance of (and our disposition of the appeal thereon) respondents' theory that the contract was a chattel mortgage. The purchasers also agreed not to sell or otherwise dispose of the organ "without the written consent of the seller." It is conceded that the sale agreement was timely filed in the office of the county auditor of Grays Harbor County.

█ It appears, however, that the contract contained a provision, paragraph 9, that, in the event of default, the seller could retake the organ, sell it, and charge all costs and attorney's fees to the purchasers, who should be liable for any deficiency. By reason of that provision, the conditional sale contract became a chattel mortgage. *Gervasi v. Seattle & Rainier Valley R. Co.,* 148 Wash. 635, 269 Pac. 1050.

█ The contract was not acknowledged, nor was it accompanied by the good-faith affidavit of the mortgagor. Hence, as a chattel mortgage it was void against all subsequent purchasers for value and in good faith. Rem. Rev. Stat., § 3780.

On November 3, 1926, the copartners, G. W. Armour and wife, Eva L. Armour, and W. P. Armour, their son, and Joseph L. Kycek, were operating under the firm name of Armour Theatre Company. The lease

for the theatre building in which the organ in controversy was installed was signed, "G. W. Armour, Eva Armour, Jos. L. Kycek, W. P. Armour," and those individual signatures, together with the following recital of the leasing agreement, tend to prove that G. W. Armour's wife was a member of the firm that bought the organ from appellant, and that she was not ignorant of any of the steps taken to deprive appellant of its property:

"This Indenture, Made this third day of November, A. D. 1926, between Sylvia Lodge No. 38, I. O. O. F. of Washington, the party of the first part, and G. W. Armour, Eva Armour, Jos. L. Kycek and W. P. Armour, (doing business under the name of the Armour Theatre Company, of Montesano, Washington) parties of the second part."

On April 14, 1929, G. W. Armour wrote to the appellant on the letterhead of the "Armour Theatre Circuit, Inc.," that he was aware that he was six months behind on the payments on the organ, and suggested "I think you should make a new contract making the payments one hundred dollars per month." Mr. Armour also stated in that letter "the organ is well ins. and taxes paid up. We are taking good care of the organ." While this was an acknowledgment of individual liability for the firm debt, the letter does not contain any statement that the interest of the two copartners, W. P. Armour and Joseph L. Kycek, has been acquired by G. W. Armour.

By his last will and testament, G. W. Armour, who died July 26, 1929, gave all of his property to his widow, Eva L. Armour, who was appointed and qualified as executrix of the estate of her deceased husband.

In October, 1929, less than three months subsequent to the death of G. W. Armour, the M & E Theatres, Inc., was organized for the purpose of acquiring cer-

tain property, including the subject-matter of this controversy and the theatre in which the organ was located. The incorporators of M & E Theatres, Inc., were O. M. Nelson, attorney for the executrix of the estate of the deceased Armour, and W. P. Armour, a copartner of Kycek and Glen W. Armour. The incorporation was a paper transaction. No stock subscription list was ever signed, nor does it appear that any money was ever received by the corporation in payment for shares of its stock.

On October 15, 1929, Eva L. Armour sold the theatre property, including the organ in question, to the M & E Theatres, Inc. The bill of sale, signed "Eva L. Armour," recites that "the above property is subject to a sales contract for certain equipment as shown by the records of the county auditor of Grays Harbor County, Washington." Shortly thereafter, W. P. Armour died.

On December 16, 1929, appellant's claim of approximately twenty-nine hundred dollars (balance due on the purchase price of the organ) was sent for collection to an attorney other than appellant's present counsel. That attorney presented the claim to the executrix of the estate of Glen W. Armour, deceased. The claim was rejected. Appellant, through its then attorney, brought an action against Eva L. Armour as executrix of the estate of Glen W. Armour, deceased, to compel the allowance of the claim. On January 24, 1931, appellant's present counsel filed an amended complaint adding the Montesano Theatre Corp. as a party defendant. That was the only particular in which the amended complaint differed from the original complaint.

On May 6, 1931, having discovered that the organ was not purchased by a corporation and that appellant was not entitled to the remedy of prosecuting an action against the estate of the deceased Armour for allow-

ance of the claim, appellant, by second amended complaint, made the following parties defendant:

" . . . Eva L. Armour, W. P. Armour and Joseph L. Kycek, co-partners as Armour Theatre Co., Eva L. Armour, executrix of the estate of Glen W. Armour, also known as G. W. Armour, deceased; and M & E Theatres, Inc., a corporation."

In that second amended complaint, appellant prayed that the property (the organ) described in the conditional sale agreement "be found, held and adjudged to be the property of the plaintiff, and without any right, title or interest of the defendants, or either of them, in and to said property." Answering this second amended complaint, Eva L. Armour, individually and as executrix of the estate of her deceased husband, and M & E Theatres, Inc., pleaded as affirmative defenses the doctrine of election of remedies and invalidity of the sale agreement as a chattel mortgage.

During the trial of the cause, it was discovered that the possession of the property was in George D. Srigley and wife, who were not parties defendant. It appears that, on May 1, 1930, the M & E Theatres, Inc., sold the theatre property, including the organ in question, to George D. Srigley and wife. The Srigleys were not purchasers in good faith. It is clear that they knew that they were buying the organ subject to the rights of the appellant under its conditional sale agreement of June 29, 1926, with the Montesano Theatre Corp. Their attorney admitted that he did not believe, at the time of the purchase of the organ by the Srigleys from the M & E Theatres, Inc., that his clients "were getting clear title to this property in this conditional sales contract."

On the suggestion of the trial court that the Srigleys be made parties defendant, the appellant filed a third amended and supplemental complaint. It is the same as

the second amended complaint except for the addition of the names of the Srigleys as parties defendant, the allegation of physical possession of the organ by the Srigleys under an agreement with the M & E Theatres, Inc., and the prayer that the appellant be adjudged the owner of the organ and entitled to possession thereof, or that it be awarded judgment "against the defendants, and each of them, jointly and severally," in an amount alleged to be the value of the organ. The court permitted the answer to the second amended complaint to stand as an answer to the third amended complaint. The trial of the cause resulted in judgment of dismissal as above recited.

The doctrine of election of remedies was inapplicable. Appellant's attempt to prosecute a remedy to which it was not entitled was not an election of remedy. *In re Pulver,* 146 Wash. 597, 264 Pac. 406.

The unpaid balance of the purchase price of the organ was an obligation of the Montesano Theatre Corp. It was a firm debt. When appellant attempted to prosecute its action against the estate of Glen W. Armour, deceased, to compel allowance of its claim, there had been no final settlement between Glen W. Armour's surviving partners (Joseph L. Kycek and W. P. Armour) and the estate of the deceased partner. In the absence of proof of a final settlement between the surviving partners and the estate of the deceased partner, and that the partnership assets are insufficient to pay the debt, an action can not be maintained against the estate of a deceased partner.

"It seems well settled that the doctrine of election of remedies has no application when the remedy chosen is not available, and we think a remedy is not available when there is a good defense to it. Whether or not the defense is invoked or waived does not change the election." *Babcock, Cornish & Co. v. Urquhart,* 53 Wash. 168, 175, 101 Pac. 713.

The record does not disclose that the organ was transferred to Glen W. Armour or to any one else by the "Montesano Theatre Corp." or by the "Armour Theatre Company." There is no written or parol evidence that Eva L. Armour acquired the interests of the copartnership composed of Glen W. Armour, W. P. Armour and Joseph L. Kycek. The lips of W. P. Armour were sealed by death. Kycek was living but failed to appear at the trial.

Assuming, as respondents contend, that the conditional sale agreement was a chattel mortgage, the absence of the affidavit of good faith and the lack of acknowledgment did not invalidate the mortgage as to respondents, in view of the fact that they were not good-faith purchasers.

"A mortgage of personal property is void . . . against all subsequent purchasers, pledgees and mortgagees and encumbrancers for value and in good faith, unless it is accompanied by the affidavit of the mortgagor that it is made in good faith, and without any design to hinder, delay, or defraud creditors, and unless it is acknowledged . . ." Rem. Rev. Stat., § 3780.

The Armours, Kycek, M & E Theatres, Inc., and Nelson, under the facts recited above, are in no position to claim protection of the statute (Rem. Rev. Stat., § 3780). The chattel mortgage was good and valid as to them; they had full knowledge of all the facts and, with knowledge, accepted transfer of the organ.

The judgment is reversed, and the cause remanded with direction to the trial court to enter judgment foreclosing the mortgage.

MITCHELL, HOLCOMB, BLAKE, and MAIN, JJ., concur.