[No. 24541. *En Banc.* November 23, 1934.]

ROBERT MORTON ORGAN COMPANY, *Appellant*, v.
EVA L. ARMOUR *et al., Respondents.*[1]

*F. L. Morgan,* for appellant.

*O. M. Nelson* and *W. H. Abel,* for respondents.

[1]Reported in 38 P. (2d) 257.

MILLARD, J.—The Robert Morton Organ Co., as vendor, brought an action against the successors in interest of the vendee to recover possession of an organ sold by the plaintiff vendor to the "Montesano Theatre Corp.," a copartnership, under a conditional sale agreement. The defense interposed was that the plaintiff's presentation of its claim against the estate of a deceased member of the copartnership "was an election to hold the estate and waive all interest in the property, in which event the title to the property became absolute in the vendee," and the subsequent purchasers bought the property free and clear of any claim by the plaintiff. The defense was further urged that the contract under which the organ was purchased from the plaintiff was a chattel mortgage, and as it was not acknowledged and was not accompanied by the mortgagor's affidavit of good faith, it was ineffective "as a valid mortgage against subsequent purchasers."

The trial court was of the view that plaintiff's election, following rejection of its claim against the estate of G. W. Armour, deceased, to bring an action against the estate to recover the unpaid balance of the purchase price of the organ, constituted an abandonment of plaintiff's claim of title to the organ. The action was dismissed as to defendants Srigley and wife, M. & E. Theatres, Inc., and Eva L. Armour, individually and as executrix of the estate of her deceased husband, G. W. Armour. Defendant W. P. Armour was dead at the time of the trial of the action, and there was no substitution of party as to him. Defendant Kycek made no appearance, and an order of default was entered against him.

On plaintiff's appeal from the judgment of dismissal, we reversed the judgment, and remanded the cause "with direction to the trial court to enter judg-

ment foreclosing the mortgage." *Morton Organ Co. v. Armour,* 173 Wash. 462, 23 P. (2d) 887, 27 P. (2d) 887. Upon denial of the petition of respondents for a rehearing, the remittitur was sent down to the superior court, which entered the following decree of foreclosure in favor of plaintiff organ company:

"That a decree of foreclosure of the mortgage before referred to is hereby entered and against the parties thereto, as and for a partnership, to-wit: consisting of Glen W. Armour, Eva L. Armour, W. P. Armour and Joseph L. Kycek, said partnership being variously known as Montesano Theatre Corp. and Armour Theatre Co., said judgment to be a judgment against the copartnership and the copartnership property and against the members of the copartnership served, to-wit: Eva L. Armour and Joseph L. Kycek, individually, said judgment . . . amounting . . . in all, being the principal and interest of said chattel mortgage to the date of judgment, to the sum of Three Thousand, Six Hundred Twenty-nine and 38/100 ($3,629.38) dollars, together with the sum of $300 as attorney's fees, and costs taxed at $92.30.

"It is further ordered: That the M. & E. Theatres, Inc., and Lola J. Srigley, forthwith return and restore the organ referred to in this action to the place from which it was taken, in as good a state and condition as when it was removed, and within a reasonable time, and not later than ten days from the date of this order, unless further time be granted by this court. In case such property is not restored, of which fact the return of the sheriff of Grays Harbor County that it cannot be found in said county at the end of ten days from the date hereof, shall be sufficient evidence, then judgment is entered against the said M. & E. Theatres, Inc., a corporation, and Lola J. Srigley, as for and on account of the conversion and sale of said mortgaged property, . . . in the sum of Twenty-five Hundred and no/100 ($2,500) dollars, which value has heretofore been found by this court, with interest thereon from the date the said Srigleys acquired said property, to-wit: May 31st, 1930, with

costs, the same to constitute a personal judgment against them severally.

"It is further ordered, adjudged and decreed: That the Sheriff forthwith proceed to search for and seize said property wherever found and proceed with the foreclosure and sale thereof, in accordance with law, and that if said property be levied upon and sold, as provided by law, the proceeds thereof shall apply upon the judgment heretofore referred to. But in case said property shall not be found within Grays Harbor County, within ten days from the date hereof . . . then this decree shall operate as a personal judgment against the several defendants in the amounts heretofore set out. Any payments made hereon toward the satisfaction of said chattel mortgage shall inure to the benefit of each of the several defendants.

"It is further ordered, adjudged and decreed: That in case no property shall be found sufficient to satisfy the judgment in this action, of which the return of the Sheriff shall be sufficient proof, then the judgment heretofore entered against the partnership shall operate as a judgment against the estate of G. W. Armour, and the defendant, Eva L. Armour, as executrix, is hereby ordered to satisfy said judgment, with costs and attorney's fees in so far as the same is unsatisfied by the remaining partners, out of the estate of Glen W. Armour, deceased, in due course of administration in accordance with the law with reference to administration of estate. Costs of this action to be taxed against all defendants appearing."

On the ground that the foregoing decree is contrary to the mandate of this court, respondents, by appropriate and timely application therefor, pray that the remittitur be recalled, and that the superior court be required to enter judgment in accordance with the mandate.

Counsel for respondents contend

". . . that, under this decision of this court, all that the trial court could do now was to enter a judg-

ment *foreclosing the mortgage* in rem, and that no personal judgment can be entered against any of the defendants.''

■ The mandate of this court is binding on the superior court, and must be strictly followed. We reversed the judgment, and remanded the cause ''with direction to enter judgment foreclosing the mortgage.'' That order is conclusive. If the judgment entered by the superior court is not in compliance therewith, we may, as timely application was made therefor, recall the *remittitur* and require the superior court to enter judgment conforming to the mandate. *Frye v. King County,* 157 Wash. 291, 289 Pac. 18.

■ It is clear that the superior court misinterpreted our opinion and entered a judgment contrary to the direction ''to enter judgment foreclosing the mortgage.''

Glen W. Armour, W. P. Armour and Joseph L. Kycek were copartners under the firm name of ''Montesano Theatre Corp.'' They operated a motion-picture theatre at Montesano. That partnership purchased an orchestral organ on conditional sale contract from Robert Morton Organ Co., a foreign corporation. The contract was signed, as follows, by the vendees:

> ''By Glen W. Armour
> ''For Montesano Theatre Corp.
> ''W. P. Armour
> ''Jos. L. Kycek.''

Of the purchase price of sixty-five hundred dollars, the vendees paid five hundred dollars upon execution of the contract, and agreed to pay the balance in monthly installments over a period of three years. The contract was timely filed in the office of the county auditor of Grays Harbor county. Paragraph 9 of the contract provided that, in the event of default, the

seller could retake the organ, sell it, and charge all costs and attorney's fees to the purchasers, who should be liable for any deficiency.

The contract was not acknowledged, nor was it accompanied by the good-faith affidavit of the mortgagors. By reason of those defects, the contract, as a chattel mortgage, was void against all subsequent purchasers for value and in good faith. Rem. Rev. Stat., § 3780 [P. C. § 9747]. However, the absence of the affidavit of good faith and the lack of acknowledgment did not invalidate the mortgage as to the respondents, as they had full knowledge of all the facts, and, with knowledge, accepted transfer of the organ. G. W. Armour and wife, Eva L. Armour, and W. P. Armour, their son, and Joseph L. Kycek, as copartners, were operating under the firm name of Armour Theatre Company. The lease for the theatre building in which the organ in controversy was installed was signed "G. W. Armour, Eva Armour, Jos. L. Kycek, W. P. Armour." It does not appear, however, that Eva L. Armour was a party to the chattel mortgage in question.

Nearly three years after the sale of the organ to the Montesano Theatre Corp., G. W. Armour wrote a letter to the organ company respecting delinquent installments on the organ. While that letter constitutes, in effect, an acknowledgment of individual liability for the firm debt, the communication does not contain any statement that the interest of the two copartners, W. P. Armour and Joseph L. Kycek, had been acquired by G. W. Armour. G. W. Armour died three months later. By his last will and testament, G. W. Armour gave all of his property to his widow, Eva L. Armour, who was appointed and qualified as executrix of the estate of her deceased husband.

About three months subsequent to the death of

G. W. Armour, the M. & E. Theatres, Inc., was organized. The incorporators were O. M. Nelson, attorney for the executrix of the estate of the deceased Armour, and W. P. Armour, a copartner of Kycek and Glen W. Armour. Less than two weeks later, Eva L. Armour sold the theatre property, including the organ in question, to the corporation known as the M. & E. Theatres, Inc. The bill of sale for the property bears the signature of "Eva L. Armour." Five months after it had acquired the theatre property, including the organ, the M. & E. Theatres, Inc., sold that property to George D. Srigley and wife.

Approximately five months after the death of G. W. Armour, the organ company's claim of twenty-nine hundred dollars (balance due on purchase price of the organ) was presented to the executrix of the estate of Glen W. Armour, deceased. The claim was rejected. An action was instituted by appellant's then counsel against Eva L. Armour, as executrix of the estate of Glen W. Armour, deceased, to compel the allowance of the claim. Thereafter, appellant's present counsel filed an amended complaint adding the Montesano Theatre Corp. as a party defendant. By a second amended complaint, appellant made the following parties defendant: Eva L. Armour, W. P. Armour and Joseph L. Kycek, copartners as Armour Theatre Co., Eva L. Armour, executrix of the estate of Glen W. Armour, also known as G. W. Armour, deceased; and M. & E. Theatres, Inc., a corporation.

During the trial of the cause, it was discovered that the organ was in the possession of George D. Srigley and wife, to whom it had been sold by the M. & E. Theatres, Inc., five months after the latter acquired it. A third amended complaint was filed adding the names of Srigley and wife as parties defendant. The action was one to recover possession of the organ or a judg-

ment against the defendants, jointly and severally, in an amount alleged to be the value of the organ. Defendants contended that the plaintiff's presentation of its claim against the estate of G. W. Armour, deceased, constituted an election of remedies; and they also insisted that the sale agreement was invalid as a chattel mortgage, therefore the subsequent purchasers bought the property free and clear of any claim of the plaintiff.

We held that the doctrine of election of remedies was inapplicable, as appellant's endeavor to prosecute a remedy to which it was not entitled was not an election of remedy. We also held that the chattel mortgage was valid as to the respondents; that the absence of the affidavit of good faith and the lack of acknowledgment did not invalidate the chattel mortgage to the respondents, as "they had full knowledge of all the facts and, with knowledge, accepted transfer of the organ."

There is no evidence that the organ was transferred to Glen W. Armour, or to anyone else, by the "Montesano Theatre Corp.," or that any of the members of that copartnership transferred his interest in the partnership property. The "partnership" was composed of Glen W. Armour, W. P. Armour and Joseph L. Kycek. There is no evidence that Eva L. Armour, who was not a party to the chattel mortgage and not a member of the copartnership, acquired the interests of the copartnership. There is no showing of a final settlement of the estate of the deceased partner, and that the partnership assets are insufficient to pay the debt. There is no showing that the estate of W. P. Armour, deceased, has been closed. There is no showing of assumption of payment of the mortgage debt by any persons other than the copartners, who were parties to the chattel mortgage. If there has been

400

any conversion of the mortgaged property by anyone subsequent to the date of our mandate, that is a matter separate and distinct from the case at bar, and must be determined in another proceeding.

A personal judgment for the amount of the mortgage debt cannot be entered against anyone other than the original mortgagor or mortgagors, or their successors in interest who assumed payment of the mortgage debt.

The remittitur should be recalled, and the trial court required to enter judgment in accordance with the foregoing, in the light of which our mandate "to enter judgment foreclosing the mortgage" is clear. It is so ordered.

ALL CONCUR.