# REPORTS OF CASES

DETERMINED IN

# THE SUPREME COURT

OF THE

# STATE OF UTAH.

JOSEPH KRANTZ, Respondent, *v.* RIO GRANDE WESTERN RAILWAY CO., Appellant.

### APPEAL—DISMISSAL.

An appeal from a judgment or order which the district court entered in exact accordance with the mandate of this court upon a previous appeal will be dismissed upon motion of the appellee.

(No. 678. Decided Jan. 30, 1896. 43 P. R. 623.)

Appeal from the district court of the Third judicial district, Territory of Utah, Hon. S. A. Merritt, *Judge.*

Action by Joseph Krantz against the Rio Grande Western Railway Company. Judgment for plaintiff. Defendant appeals. *Dismissed.*

*Bennett, Bradley & Marshall,* for appellant.

*C. S. Varian* and *E. W. Taylor*, for respondent.

BARTCH, J.:

This actioin was brought in the court below to recover damages for personal injuries alleged to have been sustained by the wrongful acts of the servants of the defendant company. The complaint contained two counts, and at the trial the court directed a verdict to be given for the defendant on the first count; and the cause having been submitted to the jury on the second count, a verdict was returned for the plaintiff. The defendant thereupon moved the court for a new trial on the second cause of action, which motion was granted. The plaintiff then appealed from the action of the court directing a verdict for the defendant on the first count, and also from the order granting a new trial on the second, and the appellate court affirmed the action of the lower court on the first, and reversed its order granting a new trial on the second count, and ordered the original judgment to be reinstated. In pursuance of the mandate of the appellate court, said judgment was reinstated, and from the judgment so entered, the defendant prosecuted this appeal, which is now being considered, on motion to dismiss, on the ground that it is substantially a second appeal on the same state of facts.

The only material question raised by this motion is whether, under the circumstances apparent from the record in this case, an appeal will lie from a judgment entered in pursuance of the mandate of the appellate court. Counsel for the appellant contend that this appeal is proper because the former one was simply from an order granting a new trial, and not from the judgment which was vacated by said order; that, after the original judgment was reinstated, it was subject to appeal, to present questions which could not be raised on the appeal

from the order granting a new trial; and that the defendant had no previous opportunity to appeal from the judgment. We think the position assumed by the appellant is not well taken. It had an opportunity to appeal from the judgment in the first instance, and all the matters of which it now complains could have been reviewed. Instead of that, it moved for a new trial, which was granted, and then the respondent herein appealed. That appeal brought up the entire record for examination, and with that record before it, the appellate court had power to consider, not only questions respecting the rulings of the court, made in the course of the trial, but also to consider the question whether or not the verdict was excessive. Comp. Laws Utah, § 3400. While it is true, as a general rule, that questions respecting the sufficiency of the complaint cannot be considered by the court on motion for a new trial, nor on an appeal from an order granting a new trial, because such questions are not comprehended in the statutory ground for such motion (Comp. Laws Utah 1888, *supra; Jacks* v. *Buell*, 47 Cal. 162; *Mason* v. *Austin*, 46 Cal. 385), still, if the appellant herein seriously doubted the sufficiency of the complaint, it could have been tested, and all the points now insisted upon could have been considered by an appeal from the judgment, instead of a motion for a new trial. The attempt now to present them for review, on appeal from the judgment which was entered in pursuance of the mandate of the appellate court, must fail, because it is, in effect, an appeal from our own judgment. In deciding this case on the former appeal, this court said: "We are of the opinion from this record that the appellant is entitled to recover from the railroad company, and are not disposed, and do not find it necessary, to put him to the expense and trouble of a new trial. * * * The judgment upon the verdict as to the first count is

affirmed, and the order granting a new trial as to the second count is reversed, and the original judgment upon the verdict reinstated as of April 28, 1894, the date of the original entry." This court had the right to direct the lower court to enter a proper judgment or order (Comp. Laws Utah 1888, § 3006); and while the last sentence quoted is not strictly in the form of a direction, still we think it amounts to that, and it appears that the judgment was entered by the trial court precisely in accordance with our mandate. All the alleged errors now complained of occurred during the proceedings of the trial court before the motion for a new trial was heard, and there is no question made as to any errors having been committed in the proceedings subsequent to the mandate. Nor are we asked to review such proceedings. It is evident that this is an attempt to have another review of the rights of the parties on the same record which was reviewed on the former appeal, when it was held that the plaintiff had the right to recover. Under such circumstances, an appeal from a judgment entered by an inferior court in pursuance of a mandate of the appellate court cannot be sustained; and this rule is not only in accordance with authority, but is founded on reason and justice, for if successive appeals were allowed on the same state of the record, there would be no end to litigation and appeals, and the courts themselves could be turned into instruments of injustice by an obstinate litigant. In *Stewart* v. *Salamon*, 97 U. S. 361, where a decree had been entered by the circuit court in accordance with the mandate of the supreme court of the United States, and an appeal taken therefrom, in dismissing the appeal the supreme court, speaking through Mr. Chief Justice Waite, said: "An appeal will not be entertained by this court from a decree entered in the circuit or other inferior court in exact accordance

with our mandate upon a previous appeal. Such a decree, when entered, is in effect our decree, and the appeal would be from ourselves to ourselves. If such an appeal is taken, however, we will upon the application of the appellee, examine the decree entered, and if it conforms to the mandate, dismiss the case with costs. If it does not the case will be remanded with appropriate directions for the correction of the error." *Roberts* v. *Cooper*, 20 How. 467, 480; *Humphrey* v. *Baker*, 103 U. S. 736; *State* v. *Lavelle*, 38 S. C. 216, 16 S. E. 717, and 17 S. E. 30; *Zimmerman* v. *Turner*, 24 Wis. 483; *Mackall* v. *Richards*, 116 U. S. 45, 6 Sup. Ct. 234; *Smelting Co.* v. *Billings*, 150 U. S. 31, 14 Sup. Ct. 4; *Smith* v. *Shaffer*, 50 Md. 132; *Martin* v. *Platt*, 131 N. Y. 641, 30 N. E. 565. Examining the record for the purposes of this motion, we see no error which would entitle the appellant herein to be heard on this appeal. The appeal is therefore dismissed.

ZANE, C. J., and MINER, J., concur.