[No. 22182.   Department One.   June 5, 1930.]

HERMAN S. FRYE et al., *Respondents*, v. KING COUNTY et al., *Appellants*.[1]

*Ewing D. Colvin, Harry A. Rhodes, Wingate & Benz,* and *Emil N. Stenberg,* for appellants.

*Frank E. Hammond,* for respondents.

MILLARD, J.—Upon the former appeal of this cause (*Frye v. King County,* 151 Wash. 179, 275 Pac. 547), we reversed the judgment and remanded the case with instructions to the trial court to enter judgment in accordance with our opinion. The remittitur was sent down to the superior court upon denial of the petition of the then respondents (King county and certain interveners) for rehearing. Judgment was entered by the superior court in compliance with the directions of this court. From that judgment, the defendant King county and the interveners have appealed.

The appellants' contention that the judgment actually entered does not correspond with the directions of this court is met by the motion of the respondents for a dismissal of the appeal upon the ground that an

[1]Reported in 289 Pac. 18.

appeal does not lie from a judgment entered in the superior court upon remittitur from this court.

The general rule is that no appeal lies from a judgment entered by the superior court in conformity with the directions of the reviewing court. *Stewart v. Salamon*, 97 U. S. 361; *Rising v. Carr*, 70 Ill. 596; *Heinlen v. Beans*, 73 Cal. 240; *Patten Paper Co. v. Green Bay & Mississippi Canal Co.*, 93 Wis. 283; *Ward v. Carter*, 96 Okl. 183; *Holland v. Railroad*, 143 N. C. 435.

"In most jurisdictions, it is ground for dismissal that the judgment appealed from has been entered on remittitur following a previous appeal and in accordance with the directions of the appellate court. It has been said that in such a case the judgment attempted to be appealed from is not appealable, and that the court has no jurisdiction to entertain the second appeal." Bancroft Code Practice and Remedies, vol. 9, p. 9476, § 7173.

Where the question is raised that the judgment is erroneous in that it does not comply with the mandate of the appellate court, some of the courts examine the judgment entered to ascertain whether it conforms to the mandate; if it does, the appeal is dismissed; if it does not, the case is remanded with appropriate directions for the correction of the error. In *Krantz v. Rio Grande Western R. Co.*, 13 Utah 1, 43 Pac. 623, 32 L. R. A. 828, the only material question raised by the motion was whether, upon the face of the record, it was apparent that an appeal would lie from a judgment entered in pursuance of the mandate of the appellate court. There, as here, the appeal was, in effect, an attempt to appeal from a judgment of the appellate court, and to obtain a second review of rights on the same record which was reviewed on the former appeal. It was held that, under such circumstances, an appeal from the judgment entered by an inferior

court in pursuance of the mandate of the appellate court could not be sustained. The court said:

"Under such circumstances, an appeal from a judgment entered by an inferior court in pursuance of a mandate of the appellate court can not be sustained; and this rule is not only in accordance with authority, but is founded on reason and justice, for, if successive appeals were allowed on the same state of the record, there would be no end to litigation and appeals, and the courts themselves could be turned into instruments of injustice by an obstinate litigant. In *Stewart v. Salamon*, 97 U. S. 361, 24 L. Ed. 1044, where a decree had been entered by the circuit court in accordance with the mandate of the Supreme Court of the United States, and an appeal taken therefrom, in dismissing the appeal the Supreme Court, speaking through Mr. Chief Justice Waite, said: 'An appeal will not be entertained by this court from a decree entered in the circuit court or other inferior court, in exact accordance with our mandate upon a previous appeal. Such a decree when entered, is in effect our decree, and the appeal would be from ourselves to ourselves. If such an appeal is taken, however, we will, upon the application of the appellee, examine the decree entered, and if it conforms to the mandate, dismiss the case with costs. If it does not, the case will be remanded with appropriate directions for the correction of the error.' [Citing cases.] Examining the record for the purposes of this motion, we see no error which would entitle the appellant to be heard on this appeal." *Krantz v. Rio Grande Western R. Co.*, 13 Utah 1, 43 Pac. 623, 32 L. R. A. 828.

See, also, *In re City of Boston*, 223 Mass. 36, 111 N. E. 412; Bancroft, Code Practice and Remedies, vol. 8, p. 8402, § 6341.

The mandate of this court is binding on the superior court, and must be strictly followed. Having reversed the judgment and remanded the case to the trial court with instructions to enter judgment in accordance with

our opinion, that order is conclusive, and no judgment different therefrom can be entered by the trial court. 2 R. C. L., p. 289, § 244.

Though the trial court misinterpreted the opinion of this court and entered a judgment contrary to the directions of this court, no right of appeal from that judgment exists. The statute gives none, nor does one obtain at common law. The remedy is not by appeal. This court lost jurisdiction of the case when the remittitur was sent down to the superior court. If, through some error, the decision, as remanded, does not express the real judgment of this court, we may recall the remittitur, if timely application is made therefor, for the purpose of correcting the mistake or enforcing the judgment. *Peabody v. Edmonds*, 72 Wash. 604, 131 Pac. 250.

If the superior court proceeds contrary to the mandate of this court, that would be an interference with this court's jurisdiction, and the proper procedure for the aggrieved party to pursue would be to apply to this court for an appropriate writ requiring the superior court to enter judgment conforming to the mandate. To entertain this appeal, would be, in effect, to grant a rehearing. The case has been decided once on appeal, petition for rehearing denied, and the remittitur sent down to the superior court; therefore we have no jurisdiction to grant such a rehearing. Certainly not until the recall of the remittitur by which we would reinvest ourselves with jurisdiction. That we have not been asked to do.

A sufficient answer to the contention of the appellants, that the judgment entered is not in compliance with our opinion on the former appeal, is that the remittitur conveys the true determination of this court, and we find the judgment entered upon the remittitur is in accordance with the directions of this court.

An appeal does not lie from the judgment of the superior court upon remittitur from this court; therefore the motion of the respondents must be granted, and the appeal dismissed. It is so ordered.

MITCHELL, C. J., TOLMAN, and PARKER, JJ., concur.

BEALS, J., concurs in the result.