Mollie De Vries, Appellant, v. United Employers' Corporation and American Employers' Insurance Company, Appellees.

Gen. No. 9,620.

Opinion filed April 12, 1941.

VICTOR P. MICHEL and KNOBLOCH & SLOAN, both of Peoria, for appellant; JOHN F. SLOAN, JR., of counsel.

DENT, WEICHELT & HAMPTON, of Chicago, for appellee, American Employers' Ins. Co.

MR. JUSTICE HUFFMAN delivered the opinion of the court.

On August 27, 1936, appellant's husband was killed in the course of his employment with the Illinois Corrugated Culvert Company of Peoria. In September following, appellant filed her application for adjust-

ment of claim under the Compensation Act with the Industrial Commission. The Illinois Corrugated Culvert Company, the employer, was named as the sole respondent in said petition. Hearing was set for October 13, 1936, at Peoria, and notice given to the petitioner and respondent. On the day of the hearing the respondent made motion before the arbitrator that the United Employers' Corporation be joined as a corespondent. Without notice to such corporation, the arbitrator granted the motion of the culvert company, and hearing was subsequently had upon the petition for adjustment of claim. It appears that the facts necessary to establish the petitioner's claim for compensation were stipulated, except as to dependency, upon which there was no contradictory evidence. The United Employers' Corporation was not present or represented. Following the hearing before the arbitrator, and on November 28, 1936, an award was granted against both the culvert company and the United Employers' Corporation (appellee herein). Notice of the award was sent to the petitioner and to the culvert company, but no notice thereof was sent to the United Employers' Corporation.

The culvert company filed its petition for review of the decision of the arbitrator. On February 17, 1937, the United Employers' Corporation having learned of the award entered against it, filed a petition with the Industrial Commission to vacate such award on the ground of lack of jurisdiction because of the failure to give notice as required by statute. On May 25, 1937, the Industrial Commission affirmed the award as to both the culvert company and the United Employers' Corporation. Thereafter, the United Employers' Corporation sued out a writ of certiorari from the circuit court of Peoria county. In connection therewith, it filed its bond in the sum of $4,500, which bond was executed by it and the American Employers' Insurance Company (appellee). The bond was usual in form,

providing that if those bounden thereunder should not successfully prosecute said writ, that they then must pay the award and the costs of the proceeding.

The circuit court reversed the decision of the Industrial Commission as to the United Employers' Corporation, and remanded the cause to the Industrial Commission for such further proceedings in connection therewith as the parties might see fit to pursue and provided that in the event such proceedings were further prosecuted that an arbitrator be appointed by the Industrial Commission to hear and determine the issue against the United Employers' Corporation in accordance with the provisions of the statute. This order and judgment was entered on May 25, 1938. Thereafter, the petitioner (appellant herein) moved to have the United Employers' Corporation joined as a party respondent to her petition for adjustment of claim. Notice was then given by the Industrial Commission to said corporation. Appellant thereafter proceeded to a hearing before an arbitrator against the corporation, and an award was entered against it in the same amount as had previously been entered against the culvert company. This award was subsequently affirmed by the Industrial Commission.

On January 4, 1940, appellant herein (petitioner in the Industrial proceedings) filed her suit at law in the circuit court of Peoria county against appellees upon the bond which was given at the time the United Employers' Corporation sued out its writ of certiorari to the circuit court. The cause was tried by the court who found the issues for appellees. Appellant brings this appeal from the judgment rendered.

The only question involved in this appeal is whether such bond has been performed and is discharged by the reversal of the decision of the Industrial Commission against appellee. The objection raised by said appellee on its certiorari proceeding was based upon lack of jurisdiction on the part of the Industrial Com-

mission to enter any award against it. This is the ground upon which the circuit court reversed the award. The adjudication by that court was final and wholly abrogated the award as made by the Industrial Commission against appellee. Such subsequent proceedings were entirely independent from those originally had.

The bond in this case provided that the United Employers' Corporation must successfully prosecute its review of the award made against it as set out in the body of the bond, and upon failure so to do, those bounden thereunder were obligated to pay said award together with the costs of the proceedings. A general reversal extends to every part of a judgment and such judgment is forthwith vacated and no longer remains in existence. It is treated as at an end. The party prosecuting such review or appeal is restored to the position in which he was before the judgment was pronounced against him, and the party whose judgment has been reversed relinquishes all advantages obtained by it. Therefore, on general principles, it is obvious that if the entire judgment is reversed, no action will lie on the appeal bond. *Crozier v. Freeman Coal Mining Co.*, 363 Ill. 362, 390, 392; *Kinney v. Lindgren*, 373 Ill. 415, 420.

Appellant urges the case of *Cooke v. Groveland Coal Mining Co.*, 276 Ill. App. 521, in support of its position that the trial court erred in entering judgment for appellees. That case presents a different state of facts than the instant case. The order of the circuit court in that case was not final in character and not subject to review. Each step taken by the parties in that case was either to defeat or sustain the award that had been granted. In the present case, the award against appellee corporation was reversed by the circuit court. That was a final adjudication. Thereafter, appellant returned to the Industrial Commission where she obtained leave to make appellee corporation a party to

her petition for adjustment of compensation, and thereafter due notice was given appellee. Appellant's second award against appellee was entered in a new and different hearing, which in legal effect was not begun until after the circuit court had reversed the award originally granted. The second award obtained against appellee is in no way related to the first award.

We do not consider that any obligation under the original award of the Industrial Commission against appellee, United Employers' Corporation, remained to be performed after its reversal by the circuit court.

The judgment is therefore affirmed.

*Judgment affirmed.*