[No. 33663.   Department One.   November 29, 1956.]

RUTH GARRATT, *Respondent*, v. BRIAN DAILEY, *a Minor, by George S. Dailey, his Guardian ad Litem, Appellant.*[1]

*Rode, Cook, Watkins & Orth* and *William R. Thomas,* for appellant.

*Kennett, McCutcheon & Soderland* and *James P. Healy,* for respondent.

ROSELLINI, J.—This is an action for damages resulting from an alleged battery perpetrated upon the plaintiff by the defendant, who was five years and nine months of age at the time of the occurrence. The judgment of the superior court of Pierce county in favor of the defendant, was reviewed by this court in *Garratt v. Dailey,* 46 Wn. (2d) 197, 279 P. (2d) 1091. Reference is hereby made to that opinion for the material facts found by the trial court and the applicable law, as enunciated by this court.

[1] Reported in 304 P. (2d) 681.

Upon remand for clarification on the issue of the defendant's knowledge, the superior court reviewed the evidence, listened to additional arguments and studied briefs of counsel, and entered a finding to the effect that the defendant knew, with substantial certainty, at the time he removed the chair, that the plaintiff would attempt to sit down where the chair had been, since she was in the act of seating herself when he removed the chair. Judgment was entered for the plaintiff in the amount of eleven thousand dollars, plus costs, and the defendant has appealed.

Seven of the defendant's assignments of error raise a single question, whether the superior court acted contrary to the mandate of this court when it made a finding that the plaintiff was in the act of sitting down when the chair was removed. It is the contention of the defendant that this finding contradicts the findings originally entered, which were approved by this court.

This question was previously argued in a motion to recall the remittitur. The motion, which was argued before this court in cause No. 32841, was decided adversely to the defendant's contention on March 16, 1956.

■ If the superior court proceeds contrary to the mandate of this court, it interferes with this court's jurisdiction. The proper procedure for the aggrieved party to pursue is to apply to this court for an appropriate writ requiring the superior court to conform to the mandate. *Tucker v. Brown*, 20 Wn. (2d) 740, 150 P. (2d) 604; *Frye v. King County*, 157 Wash. 291, 289 Pac. 18. Having failed to take appropriate action, the appellant is foreclosed from objecting to the judgment on this ground.

The substance of the remaining assignments is that the evidence does not support the additional finding. The record was carefully reviewed by this court in *Garratt v. Dailey, supra.* Had there been no evidence to support a finding of knowledge on the part of the defendant, the remanding of the case for clarification on that issue would have been a futile gesture on the part of the court. As we stated in that opinion, the testimony of the two witnesses

to the occurrence was in direct conflict. We assumed, since the trial court made a specific finding that the defendant did not intend to harm the plaintiff, that the court had accepted the testimony of the defendant and rejected that of the plaintiff's witness. However, on remand, the judge who heard the case stated that his findings had been made in the light of his understanding of the law, i.e., that the doctrine of constructive intent does not apply to infants, who are not chargeable with knowledge of the normal consequences of their acts.

In order to determine whether the defendant knew that the plaintiff would sit in the place where the chair had been, it was necessary for him to consider carefully the time sequence, as he had not done before; and this resulted in his finding that the arthritic woman had begun the slow process of being seated when the defendant quickly removed the chair and seated himself upon it, and that he knew, with substantial certainty, at that time that she would attempt to sit in the place where the chair had been. Such a conclusion, he stated, was the only reasonable one possible. It finds ample support in the record. Such knowledge, we said in *Garratt v. Dailey, supra,* is sufficient to charge the defendant with intent to commit a battery.

The judgment is affirmed.

DONWORTH, C. J., HILL, FINLEY, and FOSTER, JJ., concur.