96 So.2d 146 (1956)
ARMENIAN HOTEL OWNERS, Inc., and Diran Papazian, Appellants,
v.
John KULHANJIAN, Individually and as a stockholder of Armenian Hotel Owners, Inc., suing on behalf of said corporation, Appellee.
Supreme Court of Florida. En Banc.
November 28, 1956.
On Rehearing May 22, 1957.
Rehearing Denied July 8, 1957.
Anderson & Nadeau, Miami, for appellants.
Daniel L. Ginsberg, Miami, for appellees.
PER CURIAM.
We have carefully considered the record and briefs filed in this cause and have heard the oral argument of counsel for the parties at the bar of this court. We find no reversible error in the decree appealed from.
It is contended, however, that the decree is ambiguous. We find no ambiguity here. When read as a whole, it is clear that the decree awarded to the corporation the total sum of $37,176 as its damages, the first $26,000 of which was the joint and several liability of the three individual defendants, Moonjian, Terzian and Papazian, and the remaining $11,176 of which was the joint and several liability of the defendants Moonjian and Terzian, only.
Accordingly, the decree appealed from should be and it is hereby
Affirmed.
DREW, C.J., HOBSON, ROBERTS, THORNAL and O'CONNELL, JJ., and MORROW, Associate Justice, concur.
THOMAS, J., dissents.

On Rehearing Granted.
PER CURIAM.
This was a suit in equity filed by a minority stockholder individually and on behalf of the corporation against the directors of the corporation and one Papazian for an accounting and for damages arising out of the allegedly fraudulent assignment by the directors to Papazian of the corporation's principal asset, a leasehold interest in hotel property. The lower court found *147 that the three defendants had unlawfully conspired to deprive the plaintiff and the corporation of its principal asset and entered a money decree in favor of the corporation and against the three defendants jointly in the amount of $26,000. Papazian appealed from this portion of the decree, and we affirmed it in our former opinion. An appeal taken by the defendant directors was not perfected and was dismissed.
On rehearing granted we have reconsidered the argument of the defendant-appellant Papazian directed to the sufficiency of the complaint and its prayer for relief against Papazian, as well as the sufficiency of the evidence to establish any liability on the part of Papazian. We have again concluded that the evidence showed a guilty participation by Papazian in the assignment to him of the leasehold interest sufficient to hold him accountable, as a constructive trustee, for the corporate losses resulting therefrom. See Restatement, Agency, Sec. 314. The decree of the Chancellor holding Papazian liable to the corporation was well within the framework of the pleadings. Cf. Chasin v. Richey, Fla. 1957, 91 So.2d 811. Accordingly, we adhere to our former decision in this respect.
We have also reconsidered the question of the propriety of that portion of the decree awarding the corporation $26,000 and holding Papazian jointly liable with the other defendants for this amount, which was apparently based on the actual value of the leasehold interest at the time of its assignment to Papazian. We have concluded there was no basis in the pleadings and evidence for such an award against Papazian  although, as noted, Papazian may be held fully accountable, as constructive trustee, for his trusteeship of the corporate asset in accordance with the principles of law applicable to such a trust relationship. Insofar as the decree assesses "damages" against Papazian in the amount of $26,000, we recede from our former decision and hold that this portion of the decree should be reversed.
Affirmed in part and reversed in part and the cause remanded with directions to require Papazian to account for his trusteeship of the corporate assets and thereafter to enter such decree as in justice and equity may be required.
It is so ordered.
TERRELL, C.J., and THOMAS, HOBSON, ROBERTS, DREW and O'CONNELL, JJ., concur.
THORNAL, J., not participating.