ROBERTS, Justice.
This cause is before the court on an interlocutory appeal taken by the appellant, Dirán Papazian, from an amended final decree entered by the lower court pursuant to the mandate of this court in Armenian Hotel Owners, Inc., v. Kulhanjian, 1957, 96 So.2d 146, 147. Jurisdiction to review the amended final decree on an interlocutory appeal under Florida Appellate Rule 4.2 is assumed by this court under the policy, hereby declared, that where a cause was pending in this cotirt prior to the effective date of revised Article V of the constitution, F.S.A., all orders, judgments or decrees entered by the lower court in such cause to effectuate the mandate of this court are reviewable by this court as the court of prior appellate jurisdiction.
By our original opinion on rehearing granted, we reversed the decree of the lower court awarding “damages” against Papazian in the amount of $26,000 and directed the lower court “to require Papazian *897 to account for his trusteeship of the corporate assets and thereafter to enter such decree as in justice and equity may be required.” It was our intention, perhaps imperfectly expressed, to direct the court to vacate that portion of the decree assessing damages against Papazian and to require Papazian to account for his stewardship of the corporate assets, including all monies received by him in the operation of the leased premises, and the security deposit (whether in cash or by credit memorandum), less such expenditures by him for the benefit of the trust property as the Chancellor finds, in equity and good conscience, should be credited to his account.
The decree here reviewed did not properly follow the mandate of this court. Accordingly, it is reversed and the cause remanded for further proceedings.
THOMAS, Acting Chief Justice, and DREW, THORNAL and O’CONNELL, JJ., concur.