105 So.2d 783 (1958)
John KULHANJIAN, Individually, and as a stockholder of Armenian Hotel Owners, Inc., suing on behalf of said Corporation, Appellant,
v.
Sam MOOMJIAN, Diran Terzian, and Armenian Hotel Owners, Inc., a Florida corporation; and Diran Papazian, Appellees.
Supreme Court of Florida.
October 17, 1958.
*784 Pelle & Levine, Miami, for appellant.
Nat L. Williams, Miami, for appellees.
ROBERTS, Justice.
This is an interlocutory appeal from an order of the trial court cancelling a supersedeas bond and discharging the surety from further liability thereon, the cause having been transferred to this court by the District Court of Appeal, Third District, pursuant to Florida Appellate Rule 2.1(5) (d), 31 F.S.A., and under the authority of Armenian Hotel Owners, Inc. v. Kulhanjian, Fla. 1957, 96 So.2d 896.
The supersedeas bond was executed by Diran Papazian, interlocutory appellee, with the All Florida Surety Company, as surety, at the time Papazian, as appellant, took an appeal from an adverse decree awarding "damages" of $26,000 against him and in favor of the Armenian Hotel Owners, Inc., a corporation in whose behalf the suit was filed by Kulhanjian, the appellant in the instant proceeding. Following the language of Florida Appellate Rule 5.7 providing for a supersedeas bond on appeal from a money judgment or decree, the condition of the bond was to "satisfy the judgment for Twenty-six Thousand Dollars ($26,000.00) contained in the final decree dated June 20, 1955, or any modification not increasing the amount thereof in full, including costs, interest (if chargeable) and damages for delay in the event the appeal is dismissed or the judgment, order or decree is affirmed * * *."
On the appeal prosecuted by Papazian, referred to above, the decree of the lower court awarding "damages" of $26,000 against Papazian was affirmed in part and reversed in part, and the cause remanded with directions to the trial court to require an accounting of Papazian and to enter thereafter a decree in accordance with justice and equity. See Armenian Hotel Owners, Inc. v. Kulhanjian, Fla., 96 So.2d 146; Fla., 96 So.2d 896.
The sole issue here is whether the decision of this court on the former appeal was such an affirmance of the decree as to require the trial court to hold the surety liable on the supersedeas bond for the amount of the decree to be thereafter entered in the lower court upon the accounting directed by this court to be made. We have no difficulty in holding that the trial court did not err in cancelling the bond and discharging the surety.
*785 It is a clear and well settled principle that a surety is bound to the extent of the terms of his obligation and no farther. 2 Fla.Jur., Appeals, § 409, p. 661. Here, the obligation of the bond was not to satisfy any judgment that might ultimately be obtained in the trial court against Papazian; the obligation of the bond, following the language of the Rule, supra, was to "satisfy the judgment * * * contained in the final decree dated June 20, 1955, or any modification not increasing the amount thereof * * * in the event the * * * decree is affirmed * * *." A partial reversal of a money judgment or decree by ordering a remittitur for excessiveness of damages, or by disallowing and deducting items of non-recoverable damage therefrom, is quite clearly only a "modification" of the judgment within the terms of the bond and not such a reversal as to discharge the surety from the obligation of the bond. Cf. American Surety Co. of New York v. Standard Asphalt Co., 5 Cir., 1935, 75 F.2d 1. In such case, there still remains in effect a portion of the judgment which the surety agreed to be responsible for and upon which execution can issue without further judicial labor (as distinguished from a ministerial duty to enter a remittitur ordered by the appellate court) on the part of the trial court.
Here, however, there was more than a mere "modification" of the decree. The effect of the reversal of the decree in the instant case was to leave nothing upon which execution could issue. Cf. Poppenhusen v. Seeley, 1866, 42 N.Y. 150, 3 Keyes 150, 3 Abb.Dec. 615. Further judicial labor was required on the part of the trial court as a pre-requisite to the entry of a decree adjudicating the amount of money, if any, owed by Papazian to the corporation. Such decree would not be the "decree dated June 20, 1955," or a modification thereof, that the surety had obligated itself to satisfy, it affirmed; it would be an entirely new decree, based on different principles of law than those controlling the superseded decree, and subject to appellate review of the application of such legal principles to the facts adduced. This being so, the partial affirmance of the decree was ineffective to mature the obligation of the surety on the supersedeas bond. Cf. Fitchner v. American Surety Co. of New York, D.C.Fla. 1933, 2 F. Supp. 321; Harp v. American Surety Company of New York, 1957, 50 Wash.2d 365, 311 P.2d 988.
For the reasons stated, the order here reviewed should be and it is hereby
Affirmed.
TERRELL, C.J., and DREW, THORNAL and O'CONNELL, JJ., concur.