IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 70268-8-I |
| Appellant, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | |
| JOSEPH LEE MOORE, | ) | UNPUBLISHED OPINION |
| | ) | |
| Respondent. | ) | FILED:  August 5, 2013 |
| | ) | |

BECKER, J. — This appeal is a sequel to State v. Moore, noted at 165 Wn. App. 1016 (2011).  In that case, two firearm enhancements to the defendant's sentence were reversed because they were the product of a jury instruction that our Supreme Court held to be erroneous in State v. Bashaw, 169 Wn.2d 133, 234 P.3d 195 (2010).  The mandate issued.  Just before Moore was resentenced, the Supreme Court overruled Bashaw in State v. Nuñez, 174 Wn.2d 707, 285 P.3d 21 (2012).  At resentencing, the trial court reduced Moore's sentence by 10 years by vacating two of the firearm enhancements as required by the mandate.  The State appeals and asks this court to reinstate the firearm enhancements because under Nuñez, the instruction was not erroneous.

In vacating the two enhancements, the trial court simply followed the mandate without making an independent judgment.  Such an order is not appealable and consequently the State's appeal must be dismissed.

Moore and an accomplice were convicted of committing a home invasion robbery of an older couple in Kelso. Moore was convicted of first degree burglary, first degree robbery, second degree assault, first degree unlawful possession of a firearm, and tampering with a witness. The jury returned special verdicts finding that Moore and his accomplice were armed with a firearm when committing the burglary, robbery, and assault. The special verdicts resulted in six separate firearm enhancements, adding 312 months to Moore's underlying sentence. Because the jury also found the presence of aggravating factors, the trial court imposed an exceptional sentence. The total sentence was 572 months, or 47 years and 8 months.

Moore was sentenced on February 22, 2010. In July 2010, the Supreme Court decided State v. Bashaw, 169 Wn.2d 133 (2010). Moore challenged the special verdicts in his case for the first time on appeal on the ground that the jury instructions were flawed under Bashaw. This court determined that Moore had the right to raise the issue for the first time on appeal, following State v. Ryan, 160 Wn. App. 944, 252 P.3d 895 (2011), rev'd, State v. Nuñez, 174 Wn.2d 707 (2012). Following Bashaw, we held that the jury instruction concerning the special verdicts was erroneous.

Our decision directed the trial court to vacate two of the firearm enhancements because of the Bashaw error. Two other firearm enhancements were to be vacated because they were associated with Moore's conviction for assault, which was vacated under the merger doctrine. The remaining two

2

firearm enhancements were left in place because, as to them, the Bashaw error was harmless. The opinion ended by remanding the case to the trial court for resentencing.

Neither Moore nor the State moved for reconsideration. Neither party filed a petition for review. This court issued the mandate on January 27, 2012.

On June 7, 2012, the Supreme Court filed its decision in Nuñez, 174 Wn.2d 707 (2012). The court reconsidered Bashaw, found its rule had been wrongly adopted, and held it was not error to instruct jurors in the way Moore's jury was instructed.

On June 13, 2012, the trial court was set to resentence Moore. At the State's urging, the trial court set resentencing over for two weeks. On June 27, 2012, over the State's objection, the trial court sentenced Moore in accordance with this court's mandate, which required reducing the original 572-month sentence to a sentence of 380 months, or 31 years and 8 months. The vacation of the two firearm enhancements at issue in this appeal accounted for 120 months of the reduction. The State appeals and asks us to reconsider our earlier decision in light of Nuñez. The State asks us to reinstate the two firearm enhancements that were vacated under Bashaw and to remand for resentencing, with the result that 120 months, or 10 years, would be added back to Moore's sentence.

The State's attempt to bring Moore's sentence into line with Nuñez is barred by the law of the case doctrine. "In its most common form, the law of the

case doctrine stands for the proposition that once there is an appellate holding enunciating a principle of law, that holding will be followed in subsequent stages of the same litigation." Roberson v. Perez, 156 Wn.2d 33, 41, 123 P.3d 844 (2005).

The Rules of Appellate Procedure incorporate the law of the case doctrine. They provide, for example, that upon issuance of the mandate, the decision made by the appellate court is "effective and binding on the parties to the review and governs all subsequent proceedings in the action in any court."

> The appellate court may reverse, affirm, or modify the decision being reviewed and take any other action as the merits of the case and the interest of justice may require. Upon issuance of the mandate of the appellate court as provided in rule 12.5, the action taken or decision made by the appellate court is effective and binding on the parties to the review and governs all subsequent proceedings in the action in any court, unless otherwise directed upon recall of the mandate as provided in rule 12.9, and except as provided in rule 2.5(c)(2). After the mandate has issued, the trial court may, however, hear and decide postjudgment motions otherwise authorized by statute or court rule so long as those motions do not challenge issues already decided by the appellate court.

RAP 12.2.

The law of the case doctrine is not absolute. Two exceptions are noted in RAP 12.2. The appellate court may revisit the propriety of its own earlier decision in the same case under RAP 2.5(c)(2), or it may recall the mandate under RAP 12.9.

## RAP 2.5(c)(2)

When "the same case is again before the appellate court following a

remand," RAP 2.5(c) provides an appellate court with discretion to review: (1) a decision by the trial court that was previously undisputed, and (2) the appellate court's own earlier decision in the same case:

> **(c) Law of the Case Doctrine Restricted.** The following provisions apply if the same case is again before the appellate court following a remand:
> (1) *Prior Trial Court Action.* If a trial court decision is otherwise properly before the appellate court, the appellate court may at the instance of a party review and determine the propriety of a decision of the trial court even though a similar decision was not disputed in an earlier review of the same case.
> (2) *Prior Appellate Court Decision.* The appellate court may at the instance of a party review the propriety of an earlier decision of the appellate court in the same case and, where justice would best be served, decide the case on the basis of the appellate court's opinion of the law at the time of the later review.

RAP 2.5(c); see State v. Schwab, 163 Wn.2d 664, 672, 185 P.3d 1151 (2008). The State invokes RAP 2.5(c)(2) and argues that justice would best be served by reinstating the firearm enhancements.

RAP 2.5(c) applies only "if the same case is again before the appellate court following a remand." Moore's case is not properly before this court within the meaning of RAP 2.5(c) because the sentencing hearing below did not result in an appealable order. "The general rule is that no appeal lies from a judgment entered by the superior court in conformity with the directions of the reviewing court." Frye v. King County, 157 Wash. 291, 292, 289 P.18 (1930); see also Harp v. Am. Sur. Co. of N.Y., 50 Wn.2d 365, 368, 311 P.2d 988 (1957) ("If the superior court entered the judgment or order as directed, there could be no appeal therefrom, because . . . the superior court is merely the supreme court's

instrumentality for the entry of the order.")

The Supreme Court's decision in State v. Kilgore, 167 Wn.2d 28, 216 P.3d 393 (2009), applies this rule in the criminal context. Kilgore, convicted of a number of sex abuse crimes, received an exceptional sentence of 560 months. Kilgore, 167 Wn.2d at 32-33. On appeal, five convictions were affirmed and two were reversed. The case was remanded for further proceedings. The mandate issued. The State declined to retry Kilgore. Before the trial court corrected the judgment and sentence to reflect only the five convictions that had been affirmed, the United States Supreme Court decided Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004). Blakely held that an exceptional sentence could not be imposed unless the aggravating factors had been proved to a jury beyond a reasonable doubt.

Kilgore asked the trial court to resentence him in accordance with Blakely, that is, by replacing the exceptional sentence with a standard range sentence. Kilgore, 167 Wn.2d at 34. The trial court denied his motion and corrected his sentence only to the extent necessary to vacate the two convictions as ordered in the mandate. Kilgore appealed. Affirming the Court of Appeal's dismissal of the appeal, the Supreme Court held there was no issue to review where the trial court did not exercise its independent judgment on remand. Kilgore, 167 Wn.2d at 39-41. Independent judgment should be distinguished from situations where the trial court makes "'only corrective changes in the amended judgment and sentence.'" Kilgore, 167 Wn.2d at 40, quoting State v. Barberio, 121 Wn.2d 48,

6

51, 846 P.2d 519 (1993). The court refused to "waive our rules of appellate procedure to allow application of a new rule of law to defendants who have otherwise exhausted their right to appeal" where the trial court did not exercise its discretion on remand. Kilgore, 167 Wn.2d at 43.

It follows then that this court should not waive the rules of appellate procedure in the State's favor here. The State conceded below that resentencing was essentially "mechanical," and "there is no real discretionary issue before the Court, for better or worse."

The State contends Schwab supports application of RAP 2.5(c)(2). Schwab was convicted of second degree felony murder based on assault and first degree manslaughter for a single killing. He appealed. The manslaughter conviction was vacated on double jeopardy grounds. The mandate issued in 2000. Years later, our Supreme Court decided In re Pers. Restraint of Andress, 147 Wn.2d 602, 56 P.3d 981 (2002), and In re Pers. Restraint of Hinton, 152 Wn.2d 853, 100 P.3d 801 (2004). These cases held that a conviction for felony murder could not stand if assault was the predicate felony.

Schwab filed a personal restraint petition, arguing his conviction for felony murder based on assault was invalid. Schwab, 163 Wn.2d at 668-70. In 2005, this court granted Schwab's petition, ordered vacation of the felony murder conviction, and remanded for further proceedings consistent with Andress and Hinton. On remand, the Snohomish County Superior Court reinstated the manslaughter conviction that had been vacated on double jeopardy grounds.

7

Schwab, 163 Wn.2d at 670-71. Schwab appealed, arguing that the reinstatement of the manslaughter conviction was barred by the law of the case doctrine. The Court of Appeals affirmed, citing RAP 2.5(c)(2). State v. Schwab, 134 Wn. App. 635, 647, 141 P.3d 658 (2006). The Supreme Court affirmed the Court of Appeals decision. "RAP 2.5(c)(2) provides a clear mechanism under which the Court of Appeals had authority to review the vacated manslaughter conviction in light of Andress." Schwab, 163 Wn.2d at 668.

Schwab does not support application of RAP 2.5(c)(2) in the present case. In Schwab, the trial court properly exercised independent judgment within the scope of the order on remand. Therefore, the trial court decision to reinstate the manslaughter conviction was appealable. Here, the trial court did no more than comply with our specific direction to vacate the two firearm enhancements on remand. The trial court did not exercise discretion. Under Kilgore, the trial court took no action that was subject to appeal. Thus, unlike in Schwab, the "same case" is not again before this court. RAP 2.5(c)(2) does not apply.

## RAP 12.9

While the Court of Appeals normally loses the power to change or modify its decision upon issuance of a mandate, there is an exception when the mandate is properly recalled. RAP 12.7. An appellate court may recall a mandate "to correct an inadvertent mistake or to modify a decision obtained by the fraud of a party or counsel in the appellate court." RAP 12.9(b).

The State contends this court made an "inadvertent mistake" by following

8

Bashaw, a mistake that "did not become apparent until the issuance of the Nuñez opinion." This court's decision to follow Bashaw cannot be described as "inadvertent." Bashaw was the controlling precedent at the time, and we intentionally followed it.

In Schwab, this court found it unnecessary to recall the mandate as a prerequisite to the reinstatement of Schwab's manslaughter conviction and noted that the State had abandoned its motion to recall the mandate. Schwab, 134 Wn. App. 646-47. The opinion nevertheless contains a comment that it would have been permissible to recall the mandate in the circumstances of that case. That comment was dicta, and it was treated as dicta by the Supreme Court. Schwab, 163 Wn.2d at 677. But even as dicta, that comment does not support the State's claim here that "a mandate premised on faulty precedent may be recalled when the controlling law has changed." It merely expresses the recognition given by RAP 12.7(d) to RAP 2.5(c)(2). Schwab, 134 Wn. App. at 647. As discussed above, RAP 2.5(c)(2) does not apply.

The appeal is dismissed. The motion to recall the mandate is denied.

Becker, J.

WE CONCUR:

Spearman, A.C.J.

Appelwick, J.

9