IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | | |
|---|---|---|
| JOEL ZELLMER, | ) | No. 80753-6-I |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| KING COUNTY, | ) | |
| | ) | |
| Respondent. | ) | |

BOWMAN, J. — An appellate court's mandate binds lower courts and must be strictly followed. After determining that Joel Zellmer was not entitled to statutory penalties, costs, or attorney fees in his Public Records Act (PRA), chapter 42.56 RCW, lawsuit, our opinion affirmed the trial court's dismissal of his case and we issued a mandate. Zellmer then moved the superior court to assign a judge and issue a case schedule under King County Superior Court Local Civil Rule (LCR) 72 so he could request trial costs and attorney fees. The trial court refused and Zellmer appeals. We affirm.

FACTS

In September 2015, Zellmer submitted a PRA request to the King County Prosecuting Attorney's Office (KCPAO), seeking photographs taken during a search of his home. The KCPAO produced only some of the requested photographs. In May 2016, Zellmer filed a lawsuit, alleging that the KCPAO

Citations and pin cites are based on the Westlaw online version of the cited material.

violated the PRA by failing to produce all of the requested photographs. The KCPAO reviewed their files again and provided Zellmer with more photographs. King County then moved for summary judgment dismissal of Zellmer's claims. The trial court determined that no PRA violation occurred and dismissed the lawsuit. Zellmer appealed.

In Zellmer v. King County, No. 76825-5-I, slip op. at 11 (Wash. Ct. App. July 16, 2018) (unpublished), http://www.courts.wa.gov/opinions/pdf/768255.pdf, review denied, 192 Wn.2d 1018, 433 P.3d 818 (2019), we concluded that Zellmer showed KCPAO violated the PRA because "KCPAO knew or should have known that the methodology it used to parse responsive from non-responsive records was inherently unreliable." But we also determined that "the evidence does not support a finding that the KCPAO acted unreasonably or maliciously while being utterly indifferent to the consequences" and declined to impose any statutory penalties for KCPAO's violation. Zellmer, No. 76825-5-I, slip op. at 12-13.

We also considered whether Zellmer was entitled to costs and attorney fees as the prevailing party under RCW 42.56.550(4). Zellmer, No. 76825-5-I, slip op. at 12. In a footnote, we concluded he was not:

> RCW 42.56.550(4) provides that "[a]ny person who prevails against an agency in any action in the courts seeking the right to inspect or copy any public record . . . shall be awarded all costs, including reasonable attorney fees, incurred in connection with such legal action . . . ." However, Zellmer did not request an award of attorney fees or costs below. Nor did he request fees and costs on appeal. Accordingly, we do not award them.

Zellmer, No. 76825-5-I, slip op. at 12 n.7.[1] Because we determined that Zellmer

---

[1] Alterations in original.

was not entitled to penalties, costs, or attorney fees, we affirmed the trial court's

dismissal of his PRA claim. Zellmer, No. 76825-5-I, slip op. at 13.

Zellmer moved for reconsideration, which we denied. The Washington

State Supreme Court later denied Zellmer's petition for discretionary review. On

March 8, 2019, we issued the following mandate:

> This is to certify that the opinion of the Court of Appeals of the State of Washington, Division I, filed on July 16, 2018, became the decision terminating review of this court in the above entitled case on March 8, 2019. An order denying a motion for reconsideration was entered on September 17, 2018. An order denying a petition for review was entered in the Supreme Court on February 6, 2019. This case is mandated to the Superior Court from which the appeal was taken for further proceedings in accordance with the attached true copy of the decision.

On June 5, 2019, Zellmer moved the superior court for "judicial

assignment and issuance of a case schedule" under LCR 72. His motion

claimed that he "prevailed on direct appeal against the defendant" and "[t]he only

remaining issue is the statutory assessment of attorney fees and costs against

defendant King County." King County opposed Zellmer's motion and moved to

dismiss. The trial court denied Zellmer's motion for judicial assignment and

granted King County's motion to dismiss. Zellmer moved for reconsideration.

The superior court denied his motion to reconsider.

Zellmer appeals.

ANALYSIS

Zellmer argues the trial court erred in denying his motion for judicial

assignment and issuance of a case schedule under LCR 72. He claims that

3

because the Rules of Appellate Procedure[2] do "not preclude a party from seeking his trial court fees incurred pre-appeal from the superior court on remand," we should allow him to seek a judgment for his trial costs and attorney fees even after we issued our mandate affirming dismissal of his lawsuit.

It is well settled that an appellate court's mandate is "binding" on lower courts and "must be strictly followed." Harp v. Am. Sur. Co. of N.Y., 50 Wn.2d 365, 368, 311 P.2d 988 (1957); RAP 12.2; State ex. rel. Smith v. Superior Court for Cowlitz County, 71 Wash. 354, 357, 128 P. 648 (1912). The superior court must adhere to the appellate court's instructions and may exercise discretion only where an appellate court so directs and only to the extent its decision does not conflict with the appellate mandate. In re Marriage of McCausland, 129 Wn. App. 390, 399, 118 P.3d 944, 949 (2005), rev'd on other grounds, 159 Wn.2d 607, 152 P.3d 1013 (2007). If the superior court proceeds contrary to the mandate of this court, it interferes with this court's jurisdiction. See Tucker v. Brown, 20 Wn.2d 740, 773, 150 P.2d 604 (1944) (quoting Frye v. King County, 157 Wash. 291, 294, 289 P. 18 (1930)).

We review the trial court's compliance with an appellate mandate for an abuse of discretion. Kruger-Willis v. Hoffenburg, 198 Wn. App. 408, 414, 393 P.3d 844 (2017) (citing Bank of Am., N.A. v. Owens, 177 Wn. App. 181, 189, 311 P.3d 594 (2013)). Applying court rules to undisputed facts is a question of law we review de novo. Bowcutt v. Delta N. Star Corp., 95 Wn. App. 311, 321, 976

---

[2] Title 14 RAP sets forth rules for awarding costs on appeal. RAP 18.1 sets forth rules for recovering attorney fees on appeal.

P.2d 643 (1999) (citing <u>Buckner, Inc. v. Berkey Irrig. Supply</u>, 89 Wn. App. 906, 911, 951 P.2d 338 (1998)).

LCR 72 governs the process of assigning a judge to civil cases that we return on remand for further proceedings as directed by our court. The rule is entitled "Return of Mandate from Appellate Court" and provides:

> Except in criminal, juvenile or dependency cases, upon the issuance of a mandate from an appellate court, returning a case to the King County Superior Court, either party may file a motion with the Respective Chief Judge for a judicial assignment and the issuance of a case schedule. If no party files such a motion within 90 days, the matter may be dismissed by the clerk for lack of prosecution.

We decided on appeal that Zellmer was not entitled to trial costs or attorney fees and affirmed the trial court's order dismissing his lawsuit. <u>Zellmer</u>, No. 76825-5-I, slip op. at 12 n.7, 13. After deciding Zellmer's appeal, we issued a mandate to the superior court for "further proceedings in accordance with the attached true copy of the decision." While a mandate "for further proceedings" signals our expectation that the trial court will exercise its discretion to decide any issue necessary to resolve the case, the trial court cannot ignore our specific holding and directions. <u>See</u> <u>Owens</u>, 177 Wn. App. at 189. Here, the trial court properly followed our mandate's direction by denying Zellmer's motion for judicial assignment under LCR 72 and dismissing his PRA claim.

Zellmer argues the rules of appellate procedure and case law vest the superior court with jurisdiction to award his "pre-appeal" costs and attorney fees even after we issue our mandate. Zellmer is incorrect.

First, Zellmer argues RAP 7.2(i) specifically gives the superior court jurisdiction to determine trial costs and attorney fees on remand, affording him "the legal right to later request the award." RAP 7.2(i) provides, in pertinent part, "The trial court has authority to act on claims for attorney fees, costs and litigation expenses." But RAP 7.2 applies to only the trial court's authority to act after we accept review and before we issue our decision. See RAP 7.2(a) ("After review is accepted by the appellate court, the trial court has authority to act in a case only to the extent provided in this rule."); State v. J-R Distribs., Inc., 111 Wn.2d 764, 781, 765 P.2d 281 (1988) (Durham, J., concurring in part, dissenting in part) ("RAP 7.2 controls the extent of a trial court's jurisdiction in a case pending review in an appellate court."). When Zellmer moved for assignment of a judge and issuance of a case schedule, his case was no longer pending review in an appellate court. RAP 7.2(i) does not support Zellmer's claim.

Next, Zellmer cites two PRA cases to argue that the superior court retains independent jurisdiction to award trial costs and attorney fees on remand. In King County v. Sheehan, 114 Wn. App. 325, 357, 57 P.3d 307 (2002), we reversed a trial court's refusal to assess penalties in a PRA lawsuit and remanded the case "for the imposition of a penalty as provided in RCW 42.17.340(4) and this opinion." Similarly, in Progressive Animal Welfare Society v. University of Washington, 125 Wn.2d 243, 272, 884 P.2d 592 (1994), our Supreme Court remanded a PRA lawsuit to resolve a dispute of fact and "for a determination of attorney fees." Here, unlike in Sheehan and Progressive Animal Welfare Society, we did not remand Zellmer's lawsuit for a determination of trial

6

costs and attorney fees. Instead, we concluded Zellmer was not entitled to costs or fees and affirmed dismissal of his lawsuit. The case law cited by Zellmer does not support his claim.

Finally, Zellmer argues that we must allow him to seek a judgment for costs and fees on remand because "[t]he PRA required the superior court to award [him] his trial court fees and costs as the party who prevailed seeking his right to inspect or copy a public record" under RCW 42.56.550(4). But Zellmer had a chance to challenge our conclusion that he was not entitled to trial costs and attorney fees. He moved for reconsideration here and then petitioned to the Supreme Court for review of our decision. Both courts denied his requests, and our mandate terminated review of the issue. See RAP 12.5(b).

The trial court did not err when it denied Zellmer's motion for assignment of a judge and issuance of a case schedule.[3] We affirm.

Bruman, J.

WE CONCUR:

Chun, J.                    Verellen, J.

---

[3] Zellmer also requests costs incurred on this appeal under RCW 42.56.550(4). Because Zellmer is not the prevailing party in this appeal, we deny his request for costs.

7