# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| APOLLONIA KWAN and WILLIAM KWAN, a married couple, KW&A LLC, a Washington limited liability company, JAS GROUP LLC, a Washington limited liability company, 8168 INVESTMENT LLC, a Washington limited liability company, and each of the foregoing derivatively on behalf of MOUNTLAKE VILLAGE LLC, a Washington limited liability company, MOUNTLAKE 228 LLC, a Washington limited liability company, <br><br> Respondents, <br><br> v. <br><br> ALAN B. CLARK and LYNNE CLARK, a married couple, KYLE CLARK and JANE DOE CLARK, a married couple, GREENSPACE INC., a Washington corporation, GREENSTREET LLC, a Washington limited liability company, FIRST HILL PARTNERS LLC, a Washington limited liability company, FIRST HILL PROPERTIES LLC, a Washington limited liability company, EAST HILL SUMMIT LLC, a Washington limited liability company, and ARCA, a Washington limited liability company, <br><br> Appellants, | No. 86594-3-I <br><br> DIVISION ONE <br><br> UNPUBLISHED OPINION |

ML V3-23258 LLC, a Washington
limited liability company, MLT
GALLERIA 228 LLC, a Washington
limited liability company,

                    Defendants,

STUART P. KASTNER, PLLC, as
Receiver,

                    Respondent.

PER CURIAM — Alan and Lynne Clark and various entities controlled by the Clarks previously appealed the entry of judgment after confirmation of an arbitration award. The prior appeal resulted in remand to the trial court to strike certain aspects of the judgment. The trial court entered an amended final judgment, from which the Clarks now appeal. We conclude that the trial court properly complied with our instructions and affirm.

I

This is the second appeal concerning the entry of a final judgment after confirmation of the arbitration award entered herein. The background facts are derived from our unpublished prior decision. Kwan v. Clark, No. 83693-5-I (Wash. Ct. App. April 10, 2023) (unpublished), https://www.courts.wa.gov/opinions/pdf/836935.pdf.

In February 2019, the Kwan group sued the Clarks setting forth several claims stemming from their investments in "three real property investments formed by the Clarks." Kwan, No. 83693-5-I, slip op. at 2. The trial court ordered that all disputed properties and investment entities be placed into a general receivership and appointed a receiver. Kwan, No. 83693-5-I, slip op. at 3. The parties arbitrated the claims, resulting in 47 pages of findings of fact and conclusions of law and a proposed final

judgment. Kwan, No. 83693-5-I, slip op. at 3-4. The Kwan group moved the trial court for an order confirming the arbitration award which the trial court granted. Kwan, No. 83693-5-I, slip op. at 4. The Kwan group then noted for presentation a proposed final judgment. Kwan, No. 83693-5-I, slip op. at 4. The trial court, over the Clarks' objection, entered the final judgment as proposed. Kwan, No. 83693-5-I, slip op. at 4.

The Clarks appealed to this court, arguing, among other issues, that the trial court erred in allocating to them all costs of the receivership. Kwan, No. 83693-5-I, slip op. at 2, 6. To address this issue, we considered the authority of the court as outlined in RCW 7.60.290(5). Kwan, No. 83693-5-I, slip op. at 8. The statute permits the court to assess all of the receiver's fees, the costs of receivership, and any appropriate sanctions against the person who procured the receiver's appointment, "[i]f the court determines that the appointment of the receiver was wrongfully procured or procured in bad faith." RCW 7.60.290(5). Given the authority of the court as established by the statute we determined that the trial court erred:

> The Kwan group procured the receiver's appointment, not the Clarks. It therefore follows that the Clarks, as the defendants in the action, could not procure the receivership wrongfully or in bad faith. RCW 7.60.290 is unambiguous. The legislature determined that full costs of the receivership may be imposed on one party if the receivership was procured wrongfully or in bad faith. Because the Clarks did not procure appointment of the receiver, the trial court erred in apportioning the cost of the receiver against the Clarks. We remand to strike the court's apportionment of receivership costs.

Kwan, No. 83693-5-I, slip op. at 8. The sole remedy ordered was remand to the trial court to strike the apportionment of receivership costs and prejudgment interest. Kwan, No. 83693-5-I, slip op. at 9. The case was mandated to the superior court for proceedings in accordance with our decision.

3

After remand, the Kwan group filed a motion for entry of modified judgment. The proposed amended final judgment was worded consistently with the wording of the prior judgment except that it eliminated the language pertaining to the apportionment of the costs of receivership and prejudgment interest. The Clarks opposed entry of the modified final judgment as premature, arguing that the case had been remanded for further proceedings to resolve, among other issues, the proper allocation of administrative receivership expenses. The trial court entered the amended final judgment as proposed.

The Clarks filed a motion for an order requiring the Kwan group to file an accurate satisfaction of judgment, arguing that the proposed satisfaction of judgment did not reflect a $597,666 offsetting credit they should have received after transfer of their interest in certain real property. The trial court denied the motion. The Clarks appeal.

II

The Clarks claim that the trial court "violated the law of the case" and erred by apportioning 100 percent of the administrative receivership expenses to them. According to the Clarks, "[t]he trial court ignored the reversal by the court of appeals and did nothing on remand but delete words." We conclude that the trial court properly complied with our order.

"It is a well settled principle that our mandate is 'binding' on the superior court and 'must be strictly followed.'" In re Marriage of McCausland, 129 Wn. App. 390, 399, 118 P.3d 944 (2005) (quoting Harp v. Am. Sur. Co. of N.Y., 50 Wn.2d 365, 368, 311 P.2d 988 (1957)), rev'd on other grounds, 159 Wn.2d 607, 152 P.3d 1013 (2007). The trial court "may exercise discretion where an appellate court directs it to 'consider' an

issue," but "it must adhere to the appellate court's instructions." McCausland, 129 Wn. App. at 399.

Here, we returned the case to the trial court with clear and narrow instructions: "We remand to strike prejudgment interest on Judgment 1 and the apportionment of receivership costs." Kwan, No. 83693-5-I, slip op. at 9. We did not instruct the court to "consider" any issues or exercise its discretion in any way. We merely ordered the trial court to strike the relevant provisions. The amended final judgment entered by the trial court omitted the provisions as directed. Thus, the trial court strictly complied with our instructions and its entry of the amended final judgment was not done in error.

III

The Clarks also contend that the trial court erred by failing to order the Kwan group to file an accurate satisfaction of judgment that includes the $597,666 offset allegedly omitted and unpaid. However, the Clarks' briefing in the prior appeal mentioned the $597,666 offset and the "failure to apply this offsetting credit." Thus, the omission of the offsetting credit was a known issue at the time of the first appeal but was not presented to us as an issue for review. Our remand to the superior court solely to strike provisions from the judgment did not revive an issue that was not raised in the earlier appeal. "Only if the trial court, on remand, exercised its independent judgment, reviewed and ruled again on such issues does it become an appealable question." State v. Barberio, 121 Wn.2d 48, 50, 846 P.2d 519 (1993). Here, as discussed above, the trial court strictly complied with our instructions and did not exercise its discretion or independent judgment. Thus, the entry of the amended final judgment does not

5

authorize the Clarks to appeal issues that could have been presented in the prior appeal but were not. Accordingly, we decline to review the merits of the issue.

Affirmed.

For the Court:

_____Mann, J._____

_____Feldman, J._____

_____Coburn, J._____